

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-2006

# Sadhu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1440

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Sadhu v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1598.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1598

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-1440

MAYARAM DAMODARSHAI SADHU;
KALPANA MARARAM SADHU;
PRUTHA MAYARAM ACHARYA;
SAMARTH MAYARAM ACHARYA,
                                         Petitioners

v.

*ATTORNEY GENERAL OF THE UNITED STATES,
                                         Respondent

*(Amended pursuant to F.R.A.P. 43(c))

Petition for Review of Orders of the
United States Department of Justice
Board of Immigration Appeals
(BIA Nos. A75-995-340, A75-995-341,
A75-995-343 and A75-995-344)

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2006

Before:  RENDELL and STAPLETON, <u>Circuit</u> <u>Judges</u> and
POLLAK*, <u>District Judge</u>.

---

*Honorable Louis H. Pollak, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Dr. Mayaram Damonarshai Sadhu, his wife and two children petition for review of the Board of Immigration Appeals ("BIA")'s decision denying the their motion to reconsider its prior decisions in their case. We will deny the petition for review.

The Sadhus, citizens of India, applied for asylum, withholding of removal, and protection under the Convention Against Torture, on the ground that they are subject to persecution as members of the lowest caste in India. An Immigration Judge ("IJ") denied their applications on April 17, 2000 and ordered voluntary departure. The Sadhus appealed, and the BIA affirmed on April 16, 2003. The Sadhus did not petition for review of this order, but instead moved to reopen the proceedings to present previously unavailable evidence; the BIA denied their motion on August 28, 2003. On September 24, 2003, the Sadhus filed a "Motion to Reconsider Motion to Reopen," which the BIA denied on January 30, 2004. The Sadhus filed the petition before us on February 19, 2004.

Our jurisdiction extends only to the review of the BIA's January 30, 2004 decision denying the Sadhus' motion to reconsider. A petition for review must be filed within 30 days of a final order of removal, 8 U.S.C. § 1252(b)(1), and motions to reopen

2

or reconsider do not toll the running of the appeal period, *Stone v. INS*, 514 U.S. 386, 405-06 (1995). Thus, the Sadhus' February 19, 2004 petition for review was timely as to the January 30, 2004 order, but not as to the BIA's August 28, 2003 denial of the Sadhus' motion to reopen or its April 16, 2003 decision on the merits of the Sadhus' asylum claims.

We review the denial of reconsideration for abuse of discretion. *Borges v. Gonzales*, 402 F.3d 398, 404 (3d Cir. 2005).

The BIA did not abuse its discretion in denying the Sadhus' motion to reconsider. The Sadhus' primary, indeed, their *only*, argument for reconsideration was that the evidence of past persecution they presented at their hearing before the IJ was never properly considered by the IJ or the BIA. But this argument was not properly before the BIA; rather only the denial of the Sadhus' motion to reopen was properly before the BIA.

The Sadhus' motion to reconsider did not raise any errors of fact or law, *see* 8 C.F.R. § 1003.2(b)(1), regarding the denial of their motion to reopen.[1] The BIA

---

[1]The entire discussion of the motion to reopen in the Sadhus' motion for reconsideration consisted of the following:

> On May 15, 2003, the respondents filed a Motion to Reopen their proceedings before the Board on the basis of new evidence of increasing religiously motivated violence and killing in Gujarat, the area of India from which the respondents hail. On August 28, 2003, the Board denied the Respondents' motion to reopen primarily on the ground that the evidence provided was inadequate to support reopening, and also on the ground that in the Board's view, the respondents still had the option of residing and working in a different part of India.

3

therefore properly denied the motion to reconsider, and we will deny the petition for review.